IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

FILED
NOV 1 6 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | | |
|---|---|---|
| AVINASH RANGRA, | § | |
| ANNA MONCLOVA & | § | |
| All Other Public Officials in Texas, | § | |
|     Plaintiffs, | § | |
| | § | |
| V. | § | C.A. No. P-05-CV-75 |
| | § | |
| FRANK D. BROWN, | § | |
|     83rd Judicial District Attorney | § | |
| GREG ABBOTT, | § | |
|     Texas Attorney General, and | § | |
| THE STATE OF TEXAS | § | |
|     Defendants | § | |

## DEFENDANT FRANK BROWN'S MOTION DISMISS

TO THE HONORABLE COURT:

Defendant Frank Brown, 83rd District Attorney of the State of Texas files this motion to dismiss under Fed. R. Civ. P. 12 (b)(1), 12 (b)(6) and 12 (c) and would show the court the following:

### STANDARDS FOR DISMISSAL

I.    **Federal Rule of Civil Procedure 12 (b)(1)**

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1009 (5th Cir. 1998). "[T]he court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)

11

(internal quotation marks omitted). "[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

## II. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), "[t]he court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief," that is, when "the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). "When deciding a motion to dismiss under Rule 12(b)(6), the district court must accept the plaintiff's factual allegations as true and resolve doubts as to the sufficiency of the claim in the plaintiff's favor." *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Ramming*, 281 F.3d at 161-62.

"However, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (brackets and internal citations omitted). "The Court is not required to conjure up unpled allegations in order to save a complaint, and conslusory allegations or legal conclusions masquerading as factual contentions will not suffice." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (citations omitted).

### III.    Federal Rule of Civil Procedure 12(c)

The standard for dismissal under Rule 12 (c) is the same as that for dismissal for failure to state a claim under Rule 12 (b) (6). *Johnson v. Johnson*, 385 F. 3d 503, 529 (5th Cir. 2004). The complaint's pleaded facts are accepted as true and are viewed in the light most favorable to the plaintiff. *Johnson*, 385 F. 3d at 529. The motion to dismiss should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint. *Johnson*, 385 F. 3d at 529.

### FACTS

According to the plaintiffs' pleadings, Alpine City Council member Katie Elms-Lawrence sent a message by e-mail on October 21, 2004 to three fellow council members, including plaintiffs Rangra and Monclova. Complaint ¶¶8-9. The four members constituted a quorum of the council. *Id.* at ¶13.

In the message, Elms-Lawrence told members Rangra and Payne that she and council member Monclova had just conferred and agreed on the need for a special meeting of the council. Exhibit (attached to the Complaint).[1] She went on to tell Rangra and Payne that she and Monclova both felt that one of the bidders for a city contract "was the most impressive," so that there was "no need for interviewing another engineer at this time." *Id.* She then outlined further action that needed to be taken to complete the transaction and closed with, "Let us hear from you both." *Id.*

---

[1] Documents attached to the complaint may be considered in deciding a Rule 12(b)(6) motion. *United States ex rel Riley v. St. Luke's Episcopal Hosp.* 355 F.3d 370, 377 (5th Cir. 2004). Moreover, to decide jurisdiction on a motion under Rule 12(b)(1), the Court may look beyond the pleadings to resolve disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir. 2001).

Rangra responded the next day, by e-mail, with copies to Monclova and Payne. *Id.* He promised to talk to the bidder in question and to contact the mayor to schedule a meeting, "as per your, Anna [Monclova's], and Manuel [Payne's] directions," and concluded that they "must reach some sort of decision" on the contract soon. *Id.*

In February of 2005, defendant Frank Brown, the district attorney for Brewster County, obtained an indictment against Rangra and Monclova for violating the Texas Open Meetings Act. Complaint ¶12. Less than three months later, on defendant Brown's motion, the district court dismissed the charges without prejudice. *Id.* at ¶16.

## ARGUMENT

**I.     The Plaintiff's Claims Are Jurisdictionally Barred.**

   **A. The Plaintiffs Lack Standing**

The Defendant Frank Brown adopts by reference pursuant to Fed. R. Civ. P. 10(c) State Defendants' Motion To Dismiss, Argument ¶ I, C in its entirety.

**II.    The Plaintiffs' Conduct, In Their Official Capacity, Of Their Official Duties Is Not "Speech" Protected By The First Amendment.**

The Defendant Frank Brown adopts by reference pursuant to Fed. R. Civ. P. 10(c) State Defendants' Motion To Dismiss, Argument ¶¶ II, III in their entirety.

**III.   The Texas Open Meetings Act Is Not Unconstitutionally Overbroad Or Vague.**

The Defendant Frank Brown adopts by reference pursuant to Fed. R. Civ. P. 10(c) State Defendants' Motion To Dismiss, Argument ¶IV in its entirety.

### IV. Defendant Frank Brown Has Absolute Immunity From Prosecution Under 42 U.S.C.A. §1983.

A State prosecuting attorney who acts within the scope of his duties in initiating and pursuing a criminal prosecution has absolute immunity from a civil suit under 42 U.S.C.A. §1983 for alleged deprivations of the defendant's constitutional rights. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Activities of the prosecutor which are intimately associated with the judicial phase of the criminal process are protected. *Imbler*, 424 U.S. at 430. This includes initiating a prosecution and presenting the State's case. *Imbler*, 424 U.S. at 431. This includes the professional evaluation of the evidence assembled and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). This includes the prosecutor's discretion to move for dismissal of a case. *Imbler*, 424 U.S. at 423 (citing *Pearson v. Reed*, 44 P. 2d 592, 597 (1935)).

### A. Plaintiffs' Factual Allegations In The Original Complaint Prove That Defendant Was Acting Within Scope Of His Duties As A State Prosecutor.

Plaintiff's Original Complaint alleges the following facts:

1. Defendant, Brown, is the 83rd Judicial District Attorney. ¶2.

2. The Texas Legislature has drafted the Texas Open Meetings Act such that public officials in Texas are subject to prosecution by District Attorneys. ¶4.

3. On or about February 10, 2005, Defendant Brown subpoenaed Rangra, Elms, Monclova and Payne to testify before the Brewster County grand jury regarding their receipt of the e-mails. ¶12.

4.  Brown provided both Monclova and Payne with testimonial immunity from the use of their grand jury testimony in a criminal prosecution for violating the Texas Open Meetings Act. ¶13.

5.  On or about February 17, 2005, Brown sought and obtained a grand jury indictment of Rangra and Elms alleging a criminal violation of the Texas Open Meetings Act. ¶14.

6.  On May 5, 2005, Brown dismissed the indictment against Rangra and Elms. ¶16.

7.  The Defendant, Brown, acting as the 83rd District Attorney for Brewster County, Texas, *under color of law*, deprived the Plaintiffs of their rights under the First Amendment to the United States Constitution, in violation of 42 U.S.C. §1983 and deprived them of their rights to free speech under Article I, Section 8 of the Texas Bill of Rights. ¶22. (emphasis added).

## CONCLUSION

Because the plaintifs' suit is jurisdictionally barred, the Court need not reach the merits of plaintiffs' claims. But if the Court does find it has jurisdiction, the suit should still be dismissed because the conduct for which the plaintiffs were indicted does not constitute speech protected by the First Amendment. And if the First Amendment did apply, the Texas Open Meetings Act is not unconstitutionally overbroad or vague. Further, the Defendant is a prosecutor for the State of Texas and has absolute immunity from a civil suit under 42 U.S.C.A. §1983. Therefore, the Court should dismiss the plaintiff's suit for lack of jurisdiction under Rule 12 (b)(1) or for failure to state a claim

on which relief may be granted under Rule 12 (b)(6) and for Defendant's absolute immunity under Rule 12(c).

Respectfully submitted

*/s/ J. Steven Houston*
J. STEVEN HOUSTON
P.O. BOX 388
MARATHON, TEXAS 79842
(432) 386-6054
(432) 386-4203 FAX
SBN: 10054300

Attorney for Defendant
Frank D. Brown

**Certificate of Service**

I hereby certify that the foregoing document has been sent by First-Class Mail on this 15th day of November, 2005 to:

Dick DeGuerin
1018 Preston Ave. 7th floor
Houston, Texas 77002

Rod Ponton
P.O. Box 9760
Alpine, Texas 79831

James C. Todd
Office of the Attorney General
P.O. Box 12548, Capital Station
Austin, Texas 78711-2548

*/s/ J. Steven Houston*
J. STEVEN HOUSTON