IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

*FILED*

*FEB 2 2 2006*

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| AVINASH RANGRA, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | C. A. No. P 05CV75 |
| | § | |
| FRANK D. BROWN, et al. | § | |
| Defendants. | § | |

## STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

TO THE HONORABLE COURT:

In support of their motion to dismiss ("Motion") under FED. R. CIV. PRO. 12(b)(1) and -(6), Hon. Greg Abbott and the State of Texas ("State defendants") respectfully submit the following.

1.    **The Plaintiffs' Federal Claims Against the State of Texas and Their State Law Claims Against Both State Defendants are Jurisdictionally Barred by Eleventh Amendment Immunity.**

In Plaintiffs' Motion [sic] in Opposition to Defendant's [sic] Motion to Dismiss ("Opposition" or "Opp.") at 4, the plaintiffs rely on *Ex parte Young* to argue what the State defendants have already acknowledged: "The plaintiffs may assert their federal claims for declaratory and injunctive relief against the Attorney General in his official capacity." Motion at 4. However, the *Ex parte Young* doctrine does not permit the plaintiffs to name the State of Texas as a defendant to their § 1983 claims, and does not allow them to sue a state official in his official capacity for alleged violations of the state constitution. *See* authorities cited in Motion at 4-5.

2.    **The Plaintiffs Lack Standing.**

"[T]he burden is on the plaintiff to allege facts sufficient to support standing." *Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 607 (5th Cir. 2004). The plaintiffs have failed to carry their

1    *30*

burden.  The plaintiffs argue that because the Open Meetings Act proscribes the sending and receiving of e-mail messages by city council members (overstating the law) and because the dismissal of charges against them was without prejudice, they have standing to assert their claims. Opp. at 5-11.  However:

> One seeking injunctive relief must demonstrate a real and immediate threat that he will be subject to the behavior which he seeks to enjoin.   It is not sufficient for the plaintiff to speculate that he will be subject to injurious conduct if . . . the law remains on the books.

*Gladden v. Roach*, 864 F.2d 1196, 1198 (5th Cir. 1989); *see also Arguello v. Conoco, Inc.*, 330 F.3d 355, 361 (5th Cir. 2003).  The type of disputes imagined by the plaintiffs, over the application of the Open Meetings Act in hypothetical scenarios, are "inherently contextual and episodic." *See Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285-86 (5th Cir. 1992).

**3.      The Plaintiffs' Lack of Entitlement to First Amendment Protection for Their Official Conduct is Fatal to their Standing.**

Obliquely recognizing that a city council member's participation in a closed meeting prohibited by the Act is not protected free speech, the plaintiffs assert that "[e]ven if the actions of the Plaintiffs are somehow outside the protection of the First Amendment, they have standing to raise the overbreadth of the statute." Opp. at 15.  But in the very next sentence, they state, correctly, that "a court's first task in an overbreadth challenge is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct." *Id.* (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191 (1982)).

In another decision heavily relied on by the plaintiffs, the Supreme Court declared, "Our concern here is based upon the 'potential for arbitrarily suppressing First Amendment liberties . . .'" *Kolender v. Lawson*, 461 U.S. 352, 358, 103 S.Ct. 1855, 1859 (1983).  It is well settled that "when

a vagueness challenge does not involve First Amendment freedoms, this court examines the statute only in light of the facts of the case at hand." *United States v. Patterson*, 431 F.3d 832, 836 (5th Cir. 2005) (brackets omitted). The facts of the case at hand render the plaintiffs' claims moot, inasmuch as no charges are pending against them.

**3.    The Plaintiffs' Conduct, in their Official Capacity, of Their Official Duties is not "Speech" Protected by the First Amendment.**

The plaintiffs argue, near the end of their Opposition, that the conduct targeted by the Open Meetings Act is constitutionally protected speech because (a) the Act imposes criminal penalties, (b) elected officials have greater First Amendment protection than public employees, and (c) the topics of the deliberations at issue are public business rather than internal office politics. Opp. at 20-25. To bolster their first distinction, the plaintiffs contend that the Texas statute is uniquely punitive. *Id.* at 25-28.

Whether a statute has criminal or civil penalties has nothing to do with whether the conduct proscribed by the contested law is protected by the First Amendment. *E.g., see Home Depot, Inc. v. Guste*, 773 F.2d 616, 628 (5th Cir. 1985) ("the fact that a statute imposes criminal penalties in no way changes the rule that a statute challenged as facially vague must be vague in all its applications before it will be held unconstitutional").

To argue that elected officials and public employees are treated differently under the *Pickering* criteria, the plaintiffs depend on *Wood v. Georgia*, 370 U.S. 375, 395 n. 21, 82 S.Ct. 1364, 1375 n. 21 (1962), and *Bond v. Floyd*. Opp. at 23-24. In *Wood*, the Court contrasted employee speech only in terms of the government's ability to curtail individual personal political activity. *Id.*

In *Wood*, a sheriff was held in contempt for issuing a "news release, which was published and

3

disseminated to the general public," in which he criticized a judge's charge to a grand jury. *Id.* at 379, 82 S.Ct. at 1367. At the outset of its analysis, the Court noted, "although we do not rely on the point exclusively," that the plaintiff had not "issued the statements in his capacity as sheriff," but instead, "the statements were distributed by petitioner as a private citizen." *Id.* at 393, 82 S.Ct. at 1374. "However, assuming that the Court of Appeals did consider to be significant the fact that petitioner was a sheriff, . . . . [t]here is no evidence that the publications interfered with the performance of his duties as sheriff . . . . We are dealing here only with public expression." *Id.* at 394, 82 S.Ct. at 1375.

*Wood* and *Bond* (discussed in the Motion at 12-13) are distinguishable from the present case in two key respects: (a) neither Sheriff Wood nor Representative Bond was punished for participating in the collective action or decision by a body that can act only through a quorum of its members and (b) each was punished for an expression of personal view that he made *publicly.* These differences remove the kind of conduct targeted by the Open Meetings Act from the ambit of First Amendment-protected free speech. In addition to the cogent explanation by the Kansas Supreme Court, quoted in the Motion at 14, *see also* the discussion by the Minnesota, Colorado, and Illinois supreme courts. *St. Cloud Newspapers, Inc. v. Dist. 742 Cmty. Schs.*, 332 N.W.2d 1, 7 (Minn. 1983); *Cole v. State*, 673 P.2d 345, 350 (Colo. 1983); *People ex rel. Difanis v. Barr*, 397 N.E.2d 895, 899 (Ill. 1979).

The foregoing makes the plaintiffs' third contention especially ironic. It is precisely because council members are discussing *public* business that they are prohibited from doing so behind closed doors. *See St. Cloud Newspapers*, 332 N.W.2d 1 at 7 ("the First Amendment . . . protect[s] expression of ideas, not the right to conduct public business in closed meetings"); *Cole*, 673 P.2d

4

at 350 ("The Open Meetings Law does not forbid political discussion among [governing body members], and does not regulate the content of their discussions," but "merely requires that business meetings of policy-making bodies of [local government] be open to the public"); *Difanis*, 397 N.E.2d at 899 ("Freedom of speech protects the expression of ideas, not the right to conduct public business in closed meetings").

**4.     The Texas Open Meetings Act is not Unconstitutionally Overbroad.**

"In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct." *United States v. Tansley*, 986 F.2d 880, 885 (5th Cir. 1993). As discussed in 3 above, the plaintiffs have not even shown that the Open Meetings Act reaches constitutionally protected conduct at all, much less that the amount is substantial.

In an attempt to support their conjecture as to how the Act might be applied, at its outer limits, to innocuous interactions, the plaintiffs have mismatched Attorney General interpretations of two very different definitions of "meeting." Opp. at 12-14. That is, they have taken constructions with respect to one kind of meeting and misapplied them to the other kind of meeting.

As noted in the Motion at 20, the Act contains two definitions of "meeting." The first type of meeting consists of a deliberation among a quorum of members of a governing body or between a quorum and another person, on a matter of public business for which the body is responsible. TEX. GOVT. CODE § 551.001(4)(A). The second is an official gathering in which a quorum of members of a governmental body "receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control." *Id.* at §

5

551.001(4)(B).

Consequently, rulings that "deliberations" are unnecessary for a violation apply to the kind of meeting defined in (4)(B) (e.g., a staff briefing) but not to meetings under (4)(A). *See* Opp. at 12-13. Moreover, the assertion that "An Exchange of Information under TOMA Need Not Be Two-Way" (Opp. at 13) is accurate only for a (4)(B) meeting, not a meeting under (4)(A). Conversely, the statement that "[t]he meaning of the word 'verbal' is not limited to spoken words" (Opp. at 13) applies to a meeting under (4)(A) but not to a meeting under (4)(B). The holding that the "physical presence of a quorum in a single place at a single time is not always necessary for a violation" (Opp. at 14) applies to a meeting as defined by section 551.001(4)(A).[1] The observation that a person who is not a member of a governing body may be liable for violating the Act (by helping to facilitate an illegal meeting) is applicable only for a meeting under (4)(A).

The rulings that avoiding the technical definition of a "meeting" or "deliberation" does not necessarily insulate someone from the requirements of the Act (Opp. at 15) involve meetings as defined by section 551.001(4)(A) and address *civil* remedies, such as invalidating the action of a governmental body. *See Esperanza Peace & Justice Ctr. v. City of San Antonio*, 316 F. Supp. 2d 433, 472 (W.D. Tex. 2001); *Willmann v. City of San Antonio*, 123 S.W.3d 469, 478 (Tex. App.–San Antonio 2003, pet. denied). The distinctions described above can be readily ascertained by noting which definition of meeting, (4)(A) or (4)(B), is referenced in each of the opinions cited by the plaintiffs. *See* Tex. Atty. Gen. Op. JC-0313, 2000 WL 1768143 (Tex. A.G.); JC-0307, 2000 WL 1731174; DM-95, 1992 WL 525150.

**5.      The Texas Open Meetings Act is not Unconstitutionally Vague.**

---

[1] Or, as discussed below, to a conspiracy under section 551.143.

As with overbreadth, the plaintiffs and their *amici* go out of their way to misunderstand the plain language of the statute. Opp. at 17-20. They cite the requirement of a one-hour training course as proof that the Act is incomprehensible. *Id.* at 17-18. However, the Legislature often requires officials to be trained on the requirements of statutes. For example, in 1999, the Legislature mandated that all state agency employees receive training every two years on "employment discrimination, including employment discrimination involving sexual harassment." TEX. LABOR CODE § 21.010. However, the Texas Commission on Human rights Act, TEX. LABOR CODE ch. 21, which prohibits employment discrimination, including sexual harassment, is not unconstitutionally vague. *Cf. United States v. Lanier*, 520 U.S. 259, 264-65, 117 S.Ct. 1219, 1224 (1997) (criminal analog to 42 U.S.C. § 1983 gave defendant fair warning of prohibition of sexual harassment).

The city attorney *amici* argue that the Act's conspiracy provision (under which the plaintiffs in this case were *not* charged) is impermissibly vague because the term "knowingly" is undefined. The Attorney General's explanation of section 551.143 provides sufficient guidance for any officials who are genuinely interested in understanding the requirements of the Act. *See* Tex. Att'y Gen. Op. No. GA-0326, 2005 WL 1190504 (2005) (attached). The term "knowingly" is defined in the Penal Code and further expounded in case law.[2] TEX. PENAL CODE § 6.03; *see Slott v. State*, 148 S.W.3d 624, 632 (Tex. App. – Houston [14th Dist.] 2004, pet. ref'd); *Cole v. State*, 46 S.W.3d 427, 431 (Tex. App. – Fort Worth 2001, pet. ref'd); *Dusek v. State*, 978 S.W.2d 129, 134 (Tex. App. – Austin 1998, pet. re'd). (*See also* the discussion below concerning intent.)

The fact that city officials and their legal advisors are apparently having difficulty reading

---

[2] "Constructions of a statute announced by the . . . courts can give citizens fair warning, even if the cases are not 'fundamentally similar.'" *United States v. Brumley*, 116 F.3d 728, 732 (5th Cir. 1997) (en banc).

the law is not enough to render it unconstitutionally vague.  The "vagueness doctrine" is one of the "manifestations of the fair warning requirement" of due process.  *Lanier*, 520 U.S. at 266, 117 S.Ct. at 1225.  But "[o]nly a reasonable degree of certainty is required."  *Tansley*, 986 F.2d at 885.  "The requirement that statutes give fair notice cannot be used as a shield by someone who is already intent on wrongdoing."  *Id.*

Moreover, because, as shown above, the Open Meetings Act does not implicate constitutionally protected conduct, the plaintiffs' vagueness challenge can be sustained "only if the enactment is impermissibly vague in all of its applications."  *Id.*

> Every statute, whether civil or criminal, raises questions of interpretation.  The fact that a statute fails to define its precise boundaries in every conceivable situation does not invalidate the statute.  This Court will sustain a vagueness challenge only if the [Act's] provisions are impermissibly vague in all of their applications.

*United States v. Clinical Leasing Serv., Inc.*, 930 F.2d 394, 395 (5th Cir. 1991).  The plaintiffs do not allege that the Act is vague in *all* of its applications.

As discussed in the Motion at 18-20, the Act is cabined by the requirements of (a) a quorum; (b) the conduct of public business over which the governmental body has authority; (c) for a meeting under (4)(A), deliberations; and (d) for a conspiracy under section 551.143(a), the intent to evade the Act's prohibitions.  The plaintiffs assert, without authority, that the Act does not require that council members' use of mail or e-mail be "to conduct public business" in order to contravene the Act.  Opp. at 10.  Yet they quote the Attorney General's ruling that the Act is violated by "a verbal exchange about public business or policy over which the board has supervision or control."  Opp. at 13 (quoting Tex. Atty. Gen. Op. JC-0313 at 3).

A quorum is always an element of an offense under the Act.  A closed meeting among less

8

than a quorum at one time is only a violation when it is part of a series of such meetings that (a) cumulatively total a quorum and (b) are held in succession for the purpose of evading the act. *See Willmann*, 123 S.W.3d at 478. Consequently, the plaintiffs' bald statement that "Participation in an Illegal Meeting is a Strict Liability Crime" – Opp. at 14 (citing *Tovar v. State*, 978 S.W.2d 584, 587 (Tex. Crim. App. 1998) (en banc)) – is inaccurate for the situation in which "a Quorum Need Not Be Simultaneous" (Opp. at 14).[3]

To the extent the plaintiffs and *amici* challenge section 551.143 (conspiracy), which requires intent, their case for vagueness is even more hopeless. The provision's "requirements of intent and knowledge do much to destroy any force in the argument that application of the statute would be so unfair that it must be held invalid, especially with regard to the adequacy of notice to the complainant that his conduct is proscribed." *United States v. Jackson*, 935 F.2d 832, 838 (7th Cir. 1991) (citation, brackets, and internal quotation marks omitted) (citing *Village of Hoffman Estates*, 455 U.S. at 499, 102 S.Ct. at 1193, *and Colautti v. Franklin*, 439 U.S. 379, 395, 99 S.Ct. 675, 685 (1979)).[4]

In view of all the foregoing and the arguments and authorities presented in the Motion, the

---

[3] Joseph Tovar, the former president of a school board, was convicted under section 551.144, for having called, organized, and participated in a closed meeting of the board. *Tovar*, 978 S.W.2d at 584. He was not prosecuted under section 551.143.

[4] The city attorney *amici* posit the hypothetical in which governmental body members talk to each other outside of a (public) meeting and later take action (as a body) on the topic discussed, from which, they aver, a prosecutor might infer a "meeting of the minds" prior to the public meeting. First, if it is a deliberation among a quorum, which is not merely incidental to a social occasion, on a matter of public business for which the body is responsible, there is no need for inference of agreement: the deliberation itself is a violation of the unambiguous terms of the Act. *See* TEX. GOVT. CODE § 551.001(4)(A). Second, to the extent the subjects of the hypothetical are charged under section 551.143, the prosecutor must prove intent beyond a reasonable doubt. The city attorney *amici* do not assert that the mere inference from a discussion followed by later action is enough to carry that burden. Instead, they complain of the inconvenience of having to refute the hypothetical charges.

9

State defendants renew their request that the plaintiffs' claims against them be dismissed.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

JEFF L. ROSE, Chief,
General Litigation Division


STEPHEN H. CAPELLE by permission for
JAMES C. TODD
Texas Bar No. 20094700
Assistant Attorney General
Office of the Attorney General
General Litigation Division -019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
ATTORNEYS FOR STATE DEFENDANTS

10

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been sent by first-class mail on this 22nd day of February, 2006 to:

Dick DeGuerin
DEGUERIN DICKSON & HENNESSY
1018 Preston Ave., 7th Floor
Houston, Texas 77002

Rod Ponton
Attorney at Law
2301 North Hwy 118
P.O. Box 9760
Alpine, Texas 79831

Steve Houston
Brewster County Attorney
P.O. Box 388
Marathon, Texas 79842

Joseph R. Larsen
2100 Pennzoil South tower
711 Louisiana Street
Houston, TX 77002

Scott N. Houston
General Counsel
Texas City Attorneys Association
1821 Rutherford Lane, Suite 400
Austin, TX 78754

STEPHEN H. CAPELLE by permission for
JAMES C. TODD
Assistant Attorney General

# ATTACHMENT

Westlaw.

Tex. Atty. Gen. Op. GA-0326
Tex. Atty. Gen. Op. GA-0326, 2005 WL 1190504 (Tex.A.G.)
**(Cite as: 2005 WL 1190504 (Tex.A.G.))**

Page 1

Office of the Attorney General
State of Texas

*1 Opinion No. GA-0326
May 18, 2005

Re: Proper construction of Government Code section 551.143 and whether it is unconstitutionally vague (RQ-0291-GA)

The Honorable Tom Maness
Jefferson County Criminal District Attorney
1001 Pearl Street, 3rd Floor
Beaumont, Texas 77701-3545

Dear Mr. Maness:

You ask about the proper construction of section 551.143 of the Government Code and whether it is unconstitutionally vague. [FN1]

I. Background

Section 551.143, an Open Meetings Act enforcement provision, reads in relevant part:
    (a) A member or group of members of a governmental body commits an offense if the member or group of members knowingly conspires to circumvent this chapter by meeting in numbers less than a quorum for the purpose of secret deliberations in violation of this chapter.
    (b) An offense under Subsection (a) is a misdemeanor....
Tex. Gov't Code Ann. § 551.143 (Vernon 2004); see also Open Meetings Act (the "OMA"), id. §§ 551.001-.146 (Vernon 2004 & Supp. 2004-05).

You observe that in the past two years your office has conducted two investigations into allegations that public officials within your jurisdiction violated section 551.143. See Request Letter, supra note 1, at 1. Although the allegations did not lead to criminal prosecution, you are nonetheless concerned about the substantial disagreement among interested parties regarding the provision's correct construction and constitutionality. Id.

Specifically, you note that "the problem in interpretation arises in part from the definitions section of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Tex. Atty. Gen. Op. GA-0326                                                    Page 2
Tex. Atty. Gen. Op. GA-0326, 2005 WL 1190504 (Tex.A.G.)
(Cite as: 2005 WL 1190504 (Tex.A.G.))

the [OMA]," which you suggest renders section 551.143 meaningless. Id. at 2; see also Tex. Gov't Code Ann. § 551.001 (Vernon Supp. 2004-05). Section 551.143 criminalizes "meeting in numbers less than a quorum for the purpose of secret deliberations." See Tex. Gov't Code Ann. § 551.143(a) (Vernon 2004) (emphasis added). The provision, however, does not define these terms separately for its purposes and therefore relies on section 551.001, the general OMA definitional provision, to supply the definitions. And section 551.001 defines "meeting"and "deliberation" in terms of a governmental body quorum. See Request Letter, supra note 1, at 2; Tex. Gov't Code Ann. § 551.001(2), (4) (Vernon Supp. 2004-05). [FN2] Thus, you consider section 551.143 defective because on its face it would be impossible for individuals to meet or deliberate in groups less than a quorum to knowingly circumvent the Open Meetings Act. See Request Letter, supra note 1, at 2-3.

   In light of its apparent circularity, you ask that we apply section 551.143 to a hypothetical situation in which, with the requisite culpable mental state, a county commissioner makes successive telephone calls to other members of the commissioners court to discuss public matters and to urge that the other members vote on those matters in a certain way. See id. at 3.

II. Analysis

A. Proper Construction of Section 551.143

   *2 To answer your questions, we return to section 551.143 and note that a violation is dependent on proof of the presence of an actor or actors, subject to the OMA, who knowingly conspire to circumvent the act's requirements by meeting in numbers less than a quorum for the purpose of secret deliberations. See Tex. Gov't Code Ann. § 551.143(a) (Vernon 2004). Because it is the phrase "meeting in numbers less than a quorum for the purpose of secret deliberations" about which you express concern, we focus on its meaning.

   In construing a statute we are charged with determining and giving effect to the legislature's intent. See City of San Antonio v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003). This is accomplished by establishing the "plain and common meaning of the statute's words." Id. Generally, if a statute's meaning is unambiguous, we interpret the statute according to its plain meaning. Id. Furthermore, we presume that, inter alia, a statute is constitutional and that a result feasible of execution is intended. See Tex. Gov't Code Ann. § 311.021 (Vernon 2005).

   Initially, and important to this analysis, we agree with you that "meeting" in section 551.143 is not defined by the OMA's general definition of the term. See Request Letter, supra note 1, at 2; Tex. Gov't Code Ann. §§ 551.143(a) (Vernon 2004), 551.001(4) (Vernon Supp. 2004-05). That is, the section 551.001 definition of "meeting" as a noun does not apply here because section 551.143 employs the word as a verb. See Request Letter, supra note 1, at 2; Tex. Gov't Code Ann. §§ 551.143(a) (Vernon

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004), 551.001(4) (Vernon Supp. 2004-05). Thus, the phrase "meeting in numbers less than a quorum" does not present a legal dilemma because the plain meaning of "meeting" as a verb does not require a quorum. [FN3] Furthermore, we read "meeting in numbers less than a quorum" to have a particular meaning that does not render the provision circular.

The OMA does not require that governmental body members be in each other's physical presence to constitute a quorum. See Tex. Gov't Code Ann. § 551.001(6) (Vernon Supp. 2004-05) (defining "quorum" simply as a majority of a governmental body). As such, we construe section 551.143 to apply to members of a governmental body who gather in numbers that do not physically constitute a quorum at any one time but who, through successive gatherings, secretly discuss a public matter with a quorum of that body. In essence, it means "a daisy chain of members the sum of whom constitute a quorum" [FN4] that meets for secret deliberations. Under this construction, "deliberations" as used in section 551.143 is consistent with its definition in section 551.001 because "meeting in numbers less than a quorum" describes a method of forming a quorum, and a quorum formed this way may hold deliberations like any other quorum, see id. § 551.001(2).

This construction is discernible from a plain reading of the provision. Moreover, because your alternative understanding of this phrase renders the provision fatally defective, and because it is contrary to the presumption that the legislature intended a result feasible of execution, we believe section 551.143's proper construction is the one we describe here. And, also important, our construction comports with past opinions from this office and judicial decisions that have addressed similar issues.

*3 As a general matter, Texas civil courts, in construing the OMA, rely on the OMA's core purpose, which is to guarantee access to the actual decision-making process of governmental bodies. See Esperanza Peace & Justice Ctr. v. City of San Antonio, 316 F. Supp. 2d 433, 472 (W.D. Tex. 2001). As such, the civil courts construe the OMA's provisions liberally in favor of open government. See id. Furthermore, "[w]hen a majority of a public decisionmaking body is considering a pending issue, there can be no 'informal' discussion. There is either formal consideration of a matter in compliance with the Open Meetings Act or an illegal meeting." Acker v. Tex. Water Comm'n, 790 S.W.2d 299, 300 (Tex. 1990).

With these as its guiding principles, the federal district court in Esperanza found that in a civil context "meeting in numbers less than a quorum for the purpose of secret deliberations" refers to a quorum or more of a body that attempts to avoid the OMA's purposes by deliberately meeting in numbers physically less than a quorum in closed sessions to discuss public business and then ratifying its actions in a physical gathering of the quorum in a subsequent sham public meeting. See Esperanza, 316 F. Supp. 2d at 473, 476; accord Willmann v. City of San Antonio, 123 S.W.3d 469, 478 (Tex. App.- San Antonio 2003, pet. denied); Tex. Att'y Gen. Op. No. JC-0307 (2000) at 8; Tex. Att'y Gen. Op. LO-95-055, at 4; Tex. Att'y Gen. Op. No. DM-95 (1992) at 4; see generally Hitt v. Mabry, 687 S.W.2d 791, 794 (Tex.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

App.-San Antonio 1985, no writ). In Esperanza, San Antonio city council members passed around a consensus memorandum on the city's budget, which a number of council members equaling at least a quorum signed individually, and then adopted the budget reflected in the memorandum at an open meeting without discussing the memorandum's contents. The court concluded that the council's actions concerning the budget were void because they constituted a meeting held in violation of the OMA. See Esperanza, 316 F. Supp. 2d at 478; see also Tex. Gov't Code Ann. § 551.141 (Vernon 2004) ("An action taken by a governmental body in violation of this chapter is voidable.").

   In direct consideration of section 551.143, this office has also relied on a definition similar to the one outlined here to conclude that a governmental body's actions in avoiding the technical definitions of "meeting" and "deliberation" were nonetheless meetings under the OMA. See generally Tex. Att'y Gen. Op. Nos. JC-0307 (2000), DM-95 (1992); Tex. Att'y Gen. LO-95- 055.

   In Attorney General Opinion DM-95, this office considered whether members of a governmental body would violate section 551.143's statutory predecessor if they, without ever creating a physical quorum, signed a letter on matters relevant to public business and then did not meet to take action on the matters in open session. The opinion concluded that "the physical presence of a quorum in a single place at the same time is not always necessary for violation of [the OMA] to occur. Avoiding the technical definition of 'meeting' or 'deliberation' is not, therefore, a foolproof insulator from the effect of the act." Tex. Att'y Gen. Op. No. DM-95 (1992) at 5. Moreover, "it would appear the legislature intended expressly to reach deliberate evasions of these definitions in enacting section 4(b) [section 551.143' s statutory predecessor] of the act." Id. ; accord Tex. Att'y Gen. LO-95-055, at 3-4.

   *4 In Attorney General Opinion JC-0307, this office again considered  section 551.143 and its proper construction. In that opinion, this office was asked whether a third party could violate section 551.143 by enticing members of a body to meet in numbers of less than a quorum for purposes of circumventing the OMA. Relevant to your question, this office, before considering the ultimate question in that opinion, considered whether a governmental body member could violate section 551.143 by enlisting a non-member to facilitate secret deliberations between members. See Tex. Att'y Gen. Op. No. JC-0307 (2000) at 4. The opinion, relying on DM-95, concluded that "[b]ecause the [OMA] has been construed to apply to situations in which members of a governmental body act as a body but are not in each other's physical presence," such a violation of section 551.143 was possible. Id.

   Further, the federal district court in Esperanza and the Texas appellate court in Willmann v. City of San Antonio relied on these attorney general opinions to hold that in the civil context the OMA is applicable to a governmental body that takes action without a public meeting, even though it avoids the technical definitions of "meeting" and "deliberation." See Esperanza, 316 F. Supp. 2d at 473; Willmann, 123 S.W.3d at 479. And though neither opinion construed section 551.143 in a criminal context, both concluded that "'it would appear that the legislature intended expressly to reach deliberate evasions of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

these definitions in enacting [section 551.143]."' Willmann, 123 S.W.3d at 479 (quoting Tex. Att'y Gen. Op. No. DM-95 (1992) at 5); Esperanza, 316 F. Supp. 2d at 473 (quoting Tex. Att'y Gen. LO-95-055, at 4). These courts' construction of "meeting in numbers less than a quorum" as applying to, for example, a "walking quorum" [FN5] is consistent with our construction and is consistent with the OMA's definition of "meeting" and "deliberation."

  Returning to your hypothetical, you ask that we apply section 551.143 to the following hypothetical situation:
    Commissioner A makes successive telephone calls to Commissioner B and the County Judge. During these conversations Commissioner A discusses a matter which has already been posted for the next regularly scheduled Commissioners' Court meeting and urges either directly or impliedly that Commissioner B and the County Judge vote in a certain way.
Request Letter, supra note 1, at 3. Generally, three members of the commissioners court constitute a quorum, see Tex. Loc. Gov't Code Ann. § 81.006(a) (Vernon 1999), and we assume that in this opinion the hypothetical county commissioners and county judge would constitute a quorum.

  On the hypothetical's face, without more, we would not be able to answer your question conclusively. Commissioner A appears to violate the statute because he seems to be operating with the requisite culpable mental state and is in fact meeting with a quorum of the commissioners court to secretly discuss public matters. However, proof of his culpable mental state is a fact question the resolution of which is not appropriate to the opinion process. See Tex. Att'y Gen. Op. No. GA-0156 (2004) at 10. Furthermore, whether Commissioner B and the County Judge committed a crime is likewise a fact question dependent on proof of their culpable mental state, and the facts described on the face of this hypothetical are insufficient for us to determine as a matter of law that Commissioner B or the County Judge has violated the statute.

  **5** You ask us, nevertheless, to assume that the commissioners and county judge knowingly conspired to circumvent the OMA. See Request Letter, supra note 1, at 3. Based on such assumptions, because they, in effect, achieved a quorum and held secret deliberations with the intent to avoid an open meeting, Commissioner A, Commissioner B, and the County Judge appear to have violated section 551.143. Cf. Harris County Emergency Serv. Dist. No. 1 v. Harris County Emergency Corps, 999 S.W.2d 163, 169 (Tex. App.-Houston [14th Dist.] 1999, no pet.) (no evidence that the members were attempting to circumvent the OMA by using telephone to avoid a quorum).

B. Section 551.143's Constitutionality

  You also ask whether section 551.143 is unconstitutionally vague on its face. See Request Letter, supra note 1, at 3. Generally, the void-for-vagueness doctrine "requires that a penal statute define the criminal offense with such definiteness that ordinary people can understand what conduct is prohibited and in a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Tex. Atty. Gen. Op. GA-0326
Tex. Atty. Gen. Op. GA-0326, 2005 WL 1190504 (Tex.A.G.)
**(Cite as: 2005 WL 1190504 (Tex.A.G.))**

Page 6

manner that does not encourage arbitrary and discriminatory enforcement." <u>Kolender v. Lawson, 461 U.S. 352, 357 (1983)</u> (citations omitted). Still, "[a] provision need not... be cast in terms that are mathematically precise; it need only give fair warning of the conduct prescribed, in light of common understanding and practices." <u>State v. Garcia, 823 S.W.2d 793, 798 (Tex. App.-San Antonio 1992, writ ref'd)</u>. And while the doctrine speaks in terms of actual notice to citizens, its important aspect is "the requirement that a legislature establish minimal guidelines to govern law enforcement." <u>Kolender, 461 U.S. at 358</u>. (citations omitted). A court, moreover, must evaluate a facial challenge to a state law by "consider[ing] any limiting construction that a state court or enforcement agency has proffered." <u>Id. at 355</u> (citations and internal quotes omitted).

  Here, the activity made illegal by <u>section 551.143</u> is quite definite on its face. The Penal Code's definition of "knowingly" applies to <u>section 551.143</u> because the OMA does not provide a definition of this culpable mental state. See <u>Tex. Pen. Code Ann. § 1.03(b)</u> (Vernon 2003). <u>Penal Code section 6.03(b)</u> states that
  [a] person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.
<u>Id. § 6.03(b)</u>; see also <u>Tovar v. State, 978 S.W.2d 584, 586-87</u> (construing "knowingly" in the context of <u>Government Code section 551.144</u>). And "meeting in numbers less than a quorum for the purpose of secret deliberations" has been understood by civil courts and this office to apply to members of a governmental body who gather in numbers that do not physically constitute a quorum at any one time but who, through successive gatherings, secretly discuss a public matter with a quorum of that body. See supra pp. 3-6.

  **\*6** Because <u>section 551.143</u>'s meaning is plain, it provides adequate notice and does not allow for arbitrary enforcement. Consequently, we conclude that this section is not unconstitutionally vague.

SUMMARY

  Members of a governmental body who knowingly conspire to gather in numbers that do not physically constitute a quorum at any one time but who through successive gatherings secretly discuss a public matter with a quorum of that body violate <u>section 551.143</u> of the Open Meetings Act. This section is not on its face void for vagueness.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Very truly yours,

Greg Abbott
Attorney General of Texas

Barry Mcbee
First Assistant Attorney General

Don R. Willett
Deputy Attorney General for Legal Counsel

Nancy S. Fuller
Chair
Opinion Committee

Daniel C. Bradford
Assistant Attorney General
Opinion Committee

[FN1]. Letter from Honorable Tom Maness, Jefferson County Criminal District Attorney, to Honorable
Greg Abbott, Texas Attorney General (Nov. 3, 2004) (on file with Opinion Committee, also available at
http://www.oag.state.tx.us) [hereinafter Request Letter].

[FN2]. "'Deliberation' means a verbal exchange during a meeting between a quorum of a governmental
body, or between a quorum of a governmental body and another person, concerning an issue within the
jurisdiction of the governmental body or any public business."
  Tex. Gov't Code Ann. § 551.001(2) (Vernon Supp. 2004-05) (emphasis added).
  And "meeting" is defined as:
    (A) A deliberation between a quorum of a governmental body, or between a quorum of a
governmental body and another person, during which public business or public policy over which the
governmental body has supervision or control is discussed or considered or during which the
governmental body takes formal action; or
    (B) except as otherwise provided by this subdivision, a gathering:
(i) that is conducted by the governmental body or for which the governmental body is responsible;
(ii) at which a quorum of members of the governmental body is present;
(iii) that has been called by the governmental body; and
(iv) at which the members receive information from, give information to, ask questions of, or receive
questions from any third person, including an employee of the governmental body, about the public
business or public policy over which the governmental body has supervision or control. The term does

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Tex. Atty. Gen. Op. GA-0326
Tex. Atty. Gen. Op. GA-0326, 2005 WL 1190504 (Tex.A.G.)
(Cite as: 2005 WL 1190504 (Tex.A.G.))

Page 8

not include the gathering of a quorum of a governmental body at a social function unrelated to the public business that is conducted by the body, or the attendance by a quorum of a governmental body at a regional, state, or national convention or workshop, if formal action is not taken and any discussion of public business is incidental to the social function, convention, or workshop. The term includes a session of a governmental body.
Id. § 551.001(4) (emphasis added).

[FN3]. See, e.g., The New Oxford American Dictionary 1063 (2001) (defining "meet" as to "come into the presence or company of (someone) by chance or arrangement").

[FN4]. Brief from Joseph R. Larsen, Attorney at Law, Ogden, Gibson, White, Broocks & Longoria, L.L.P., to Office of the Attorney General at 2 (Jan. 24, 2005) (filed on behalf of the Freedom of Information Foundation) (on file with Opinion Committee).

[FN5]. See Willmann, 123 S.W.3d at 478.

 Tex. Atty. Gen. Op. GA-0326, 2005 WL 1190504 (Tex.A.G.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.