IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION



| | | |
|---|---|---|
| AVINASH RANGRA, ET AL., | § | |
|     Plaintiffs, | § | |
| | § | |
| V. | § | NO.  P-05-CV-075 |
| | § | |
| FRANK D. BROWN, ET AL. | § | |
|     Defendants. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On July 26, 2006, the above-entitled cause of action was tried before the Court. After considering the weight and credibility of all the evidence and the respective arguments of the parties, the Court makes the following findings in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.

## BACKGROUND

Avinash Rangra and Anna Monclova ("Plaintiffs") are city council members and public officials in the City of Alpine, Texas. Plaintiffs seek a declaratory judgment action under 28 U.S.C. § 2201, et seq. Further they allege violations of 42 U.S.C. § 1983 and Art. I Sec. 8 of the Texas Constitution. Plaintiffs argue their free speech rights and those of other public officials were impaired through the Defendants' application of the criminal provisions of the Texas Open Meetings Act, Texas Government Code § 551.144.

Plaintiffs allege Texas Government Code § 551.001(1) and (4) and § 551.144 ("TOMA") are overbroad and vague, and vest Defendant Brown in his official capacity as District Attorney in Alpine with excess discretion by which he may chill and has chilled Plaintiffs' free speech rights. Further, Plaintiffs argue that any governmental official working in the state of Texas is currently

1

affected by this law, and due to its overbreadth and vagueness is currently having his or her free speech rights unduly restricted.

Plaintiffs concede that the TOMA was enacted for a beneficial purpose, specifically, to keep public decisions from being made secretly by public officials. However, the Plaintiffs allege that, in trying to achieve this result, the Texas Legislature has drafted and amended the law such that Texas public officials, and even private citizens who speak to them, are subject to prosecution by district attorneys across Texas for merely discussing public issues. Further, Plaintiffs argue public officials, as here, do not know what is proscribed, and as such are having their free speech rights chilled by the threat of actual prosecution of their free speech under the TOMA.

Plaintiffs bring this action against Frank D. Brown, in his official capacity as District Attorney for the 83rd Texas Judicial District, and Greg Abbott, in his official capacity as Texas Attorney General ("Defendants"). The Plaintiffs originally named the State of Texas as a Defendant in this action. However, the parties entered into an Agreed Order to Dismiss on March 17, 2006 (Doc. 37), in which the parties agreed to dismiss Plaintiffs' claims against the State of Texas in their entirety.

Plaintiffs seek a declaratory judgment and injunction that (1) the criminal provisions of the TOMA may not be enforced; (2) the criminal provisions of TOMA violate the First Amendment of the United States Constitution, both on their face and as applied; and (3) the criminal provisions of TOMA violate Article I Section 8 of the Texas Constitution, both on their face and as applied.

In response, the Defendants first argue the Plaintiffs' claims are jurisdictionally barred.[1] Specifically, Defendants argue that Plaintiffs' claims are barred by Eleventh Amendment immunity,

---

[1] Texas Attorney General Greg Abbott and the State of Texas, or "State Defendants," filed a Motion to Dismiss on November 9, 2005 (Doc. 10) in lieu of filing an original answer. In Defendant Brown's Motion to Dismiss, filed November 16, 2005 (Doc. 11), Defendant Brown largely adopted by reference the arguments made in the State Defendants' Motion to Dismiss.

and also that the Plaintiffs lack standing to challenge the statute.   Second, Defendants argue the

TOMA embodies important principles of government responsibility, in that the TOMA protects

citizens from secret government.   Third, Defendants argue the Plaintiffs' conduct, acting in their

official capacity, is not "speech" protected by the First Amendment.   Finally, Defendants assert the

TOMA is not unconstitutionally overbroad or vague.

## FINDINGS OF FACT

1.      Venue is proper in the Pecos Division of the Western District of Texas.

2.      The City of Alpine, located in Brewster County, Texas, is governed by a city council of five

members and an elected mayor.   Four members of the city council constitute a quorum (it is possible

that three members would constitute a quorum; however, this is not relevant to the present case).

3.      In October, 2004, the decision to award a contract to an engineering firm to design and

implement water improvements for the south end of Alpine was pending before the Alpine City

Council.

4.      In October, 2004, Katie Elms-Lawrence, Avinash Rangra, Anna Monclova, Manuel Payne,

and Nancy DeWitt were members of the Alpine City Council.

5.      Monclova was elected on May 15, 2004, to a term that ended in May, 2006.   Rangra was

elected originally on May 3, 2003, and was reelected on May 7, 2005, to a term that will end in May,

2007.   Rangra continues to serve on the Alpine City Council.

6.      On October 21, 2004, Monclova, Rangra, and Payne received an e-mail from Katie Elms-

Lawrence.   The text of the e-mail was as follows:

> *Avinash, Manuel...Anna just called and we are both in agreement we need a special*
> *meeting at 6:00 pm Monday...so you or I need to call the mayor to schedule it*
> *(mainly you, she does'nt* [sic] *like me right now I'm Keri's MOM)..we both feel Mr.*
> *Tom Brown was the most impressive..no need for interviewing another engineer at*

3

> *this time...have him prepare the postphonment* [sic] *of the 4.8 million, get us his firms* [sic] *review and implementations for the CURE for South Alpine....borrow the money locally and get it fixed NOW....then if they show good faith and do the job allow them to sell us their bill of goods for water corrections for the entire city......at a later date..and use the 0 % amounts to repay the locally borrowed money and fix the parts that don't meet TECQ* [sic] *standards....We don't have to marry them...with a life long contract, lets* [sic] *just get engaged!*
> *Let us hear from you both*
> *KT*

7.    On October 22, 2004, Rangra responded to the e-mail and copied his response to Monclova

and Payne.  The text of that e-mail is as follows:

> *Hello Katie....*
>
> *I just talked with John Voller of Hibb and Todds of Abilene... and invited him to come to the Monday meeting....  I asked him to bring his money man also.... these guys work for Sul Ross... He said... he will be at meeting Monday....*
>
> *I'll talk with Tom Brown also after my 8:00 class...*
>
> *Thanks for the advice..... and I'll talk with Mickey as per your, Anna, and Manuel directions... and arrange the meeting on Monday....*
>
> *We must reach some sort of decision SOOOOOOOOOOOOOON.*
>
> *Avinash*
>
> *Katie.... please correct my first name spellings... Thanks.*

8.    The City Council held a meeting pursuant to proper public notice, and the issues relating to

the proposed water project and the engineers to hire for it were discussed openly and fully.

9.    Defendant Frank Brown is the elected District Attorney for the 83rd Texas Judicial District

that includes the City of Alpine and Brewster County.

10.    On or about February 10, 2005, Brown subpoenaed Rangra, Elms-Lawrence, Monclova, and

Payne to testify before the Brewster County Grand Jury regarding the e-mails described above.  All

refused to testify, citing their Fifth Amendment privilege.

11.    Brown provided both Monclova and Payne with testimonial immunity from the use of their grand jury testimony in a criminal prosecution for any violation of the Texas Open Meeting Act, and they testified before the Brewster County Grand Jury on February 17, 2005.

12.    On or about February 17, 2005, Brown presented the case against Rangra and Elms-Lawrence to the Brewster County Grand Jury, alleging violations of the Texas Open Meetings Act.  The prosecution was based on the exchange of the e-mails set forth above.  Rangra and Elms-Lawrence were indicted on February 17, 2005, by the Brewster County Grand Jury, for criminal violations of the Texas Open Meetings Act.

13.    The prosecution was based solely on the exchange of the e-mails set forth above.

14.    Rangra and Elms-Lawrence denied any wrongdoing, stating that no crime had occurred and that TOMA, on its face and as applied, violated their First Amendment rights.  They sought a declaration from the state district court to this effect.

15.    Before the state district court could rule on the constitutionality of the statute, Brown dismissed the indictment against Rangra and Elms-Lawrence without prejudice.  Rangra and Elms-Lawrence remain subject to indictment.

16.    Brown dismissed the indictments against Rangra and Elms-Lawrence.  In a court hearing held on May 9, 2005, Brown expressly noted that the indictment was dismissed without prejudice.

17.    The statute of limitations for the violations with which the Plaintiffs were charged expired on October 22, 2006.

18.    Defendant Abbott, the Attorney General of Texas, has statutory authority to prosecute violations of TOMA directly.  Brown, as elected District Attorney, also has authority to prosecute alleged criminal violations of TOMA.

**CONCLUSIONS OF LAW**

1.      This Court has original jurisdiction over all civil actions arising under the Constitution, law, or treaties of the United States.  28 U.S.C. § 1331.

2.      This Court also has original jurisdiction over any civil action authorized by law to redress the deprivation, under color of any State law, of any right secured by the Constitution of the United States.  28 U.S.C. § 1343(a)(3).

3.      Plaintiffs' Complaint presents a request for a declaratory judgment under 28 U.S.C. § 2201, et seq., and 42 U.S.C. § 1983, in which Plaintiffs seek an order of this Court declaring that certain sections of the Texas Open Meetings Act, namely TEX. GOV'T CODE ANN. § 551.001(2) and (4) (2003), and TEX. GOV'T CODE ANN. § 551.144 (2003), violate the United States Constitution.

4.      An action arising under federal law may be brought in a judicial district where any defendant resides if all defendants reside in the same state or in a district where a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b).

5.      Venue is proper in the Pecos Division of the Western District of Texas pursuant to 28 U.S.C. § 1391(b).

6.      Standing exists when there is injury in fact, the injury is caused by the defendant, and the court can redress the injury.  *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 659 (5th Cir. 2006).

7.      The Plaintiffs have a  fear of prosecution that is neither "imaginary nor wholly speculative." *See Carmouche*, 449 F.3d at 660.

6

8.      While the Eleventh Amendment protects state officials from judgments for retrospective relief,
it does not prevent citizens threatened with enforcement of an unconstitutional law from suing state
officials for prospective relief. *See Ex parte Young*, 209 U.S. 123 (1908).

The *Ex parte Young* doctrine has not been altered in the Supreme Court's recent clarifications
of Eleventh Amendment doctrine starting with *Seminole Tribe v. Florida*, 517 U.S. 44 (1996).  In
determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a
court need only conduct a "straightforward inquiry into whether [the] complaint alleges an ongoing
violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc.
v. Public Service Commission*, 535 U.S. 635, 645 (2002).

9.      No other immunity doctrine prevents Plaintiffs from pursuing this case; in fact, a key role of
the Declaratory Judgment Statute, 28 U.S.C. § 2201, is to provide relief for citizens faced with
threatened prosecution under a disputed state statute.

10.     Plaintiffs have standing to sue the Defendants in federal court.

11.     The Texas Open Meetings Act declares that "[e]very regular, special, or called meeting of a
governmental body shall be open to the public, except as provided by this chapter." TEX. GOV'T CODE
ANN. § 551.002 (2003).  It is not disputed in this case that the Alpine City Council is a "governmental
body" under the Act.

12.     The Plaintiffs in this case challenge only two provisions of the Act: § 551.001, subsections (1)
and (4), which define the terms "deliberation" and "meeting," for purposes of the Act; and § 551.144.
The Act defines "deliberation" to mean "a verbal exchange during a meeting between a quorum of a
governmental body, or between a quorum of a governmental body and another person, concerning an

issue within the jurisdiction of the governmental body or any public business." *Id.* at § 551.001(1).

Of significance for this case, a "meeting" is defined as:

> (A) a deliberation between a quorum of a governmental body, or between a quorum of a governmental body and another person, ***during which public business or public policy over which the governmental body has supervision or control*** is discussed or considered or during which the governmental body takes formal action; *or*
>
> (B) .... a gathering:
>
> (i) that is conducted by the governmental body or for which the governmental body is responsible;
>
> (ii) at which a quorum of members of the governmental body is present;
> (iii) that has been called by the governmental body; and
>
> (iv) at which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, ***about the public business or public policy over which the governmental body has supervision or control.*** *The term does not include* the gathering of a quorum of a governmental body at a social function ***unrelated to the public business that is conducted by the body,*** or the attendance b a quorum of a governmental body at a regional, state, or national convention or workshop, if formal action is not taken and any ***discussion of public business*** is incidental to the social function, convention, or workshop. The term includes a session of a governmental body.

*Id.* at § 551.001(4) (emphasis added).

13.    Under Section 551.144(a), "[a] member of a governmental body commits an offense if" he o

she "knowingly...calls or aids in calling or organizing" a closed meeting that is not permitted under

the Act, closes or aids in closing a regular meeting to the public, or "participates in the closed

meeting, whether it is a regular, special or called meeting." The offense is a misdemeanor, punishable

by a fine of $100-500, confinement in the county jail for one to six months, or both. *Id.* at (b).

"[U]nder section 551.144, a member must 'knowingly' participate in a closed meeting." Tex Atty.

Gen. Op. JC-307, 2000 WL 1731174, *7.

**Public Officials**

14.    Because the speech at issue is uttered entirely in the speaker's capacity as a member of a collective decision-making body, and thus is the kind of communication in which he or she is required to engage as part of his or her official duties, it is not protected by the First Amendment from the restriction imposed by the Texas Open Meetings Act. *See Garcetti v. Ceballos* _____ U.S. _____, 126 S. Ct. 1951, 1959-60 (2006).  For purposes of determining what constitutes protected speech under the First Amendment, there is no meaningful distinction among public employees, appointed public officials, and elected public officials. *See Rash-Aldridge v. Ramirez*, 96 F.3d 117 (5th Cir. 1996) (per curiam) (applying the same principles to a First Amendment claim by a member of the Laredo City Council).

15.    That the topic discussed by a quorum of governmental body members is a matter of public concern does not by itself entitle the deliberations to First Amendment protection. *See Terrell v. Univ. of Tex. Sys. Police,* 792 F.2d 1360, 1362 (5th Cir. 1986).  Instead, the "focus [is] on the hat worn by the [official] when speaking rather than on the 'importance' of the issue." *Gillum v. City of Kerrville,* 3 F.3d 117, 121 (5th Cir. 1994).

16.    The Kansas Supreme Court, in rejecting a challenge to that state's open meetings law premised on the same arguments as advanced by the Plaintiffs here, held the Kansas Open Meetings Act was neither unconstitutionally vague or overbroad:

> The First Amendment does indeed protect private discussions of governmental affairs among citizens. ***Everything changes, however, when a person is elected to public office.***  Elected officials are supposed to represent their constituents.  In order for those constituents to determine whether this is in fact the case they need to know how their representative has acted on matters of public concern.  Democracy is threatened when public decisions are made in private.  Elected officials have no constitutional right to conduct governmental affairs behind closed doors.  Their duty is to inform the

electorate, not hide from it.  The KOMA places no constraints on purely private discussions by public officials.  It regulates on the conduct of public business (emphasis added).

*State ex rel. Murray v. Palmgren,* 646 P.2d 1091, 1099 (Kan. 1982).[2]

17.     Thus, because the speech at issue is uttered entirely in the speaker's capacity as a member of the city council, and thus is the kind of communication in which he or she is required to engage as part of his or her official duties, it is not protected by the First Amendment from the restriction imposed by the Texas Open Meetings Act.

18.     Here, the TOMA is not regulating speech.  The Act simply requires speech to be open and public.  To allow a quorum of a government body, such as here, to deliberate public policy issues outside the public view would turn open meetings into sessions where public officials simply approved messages previously deliberated over phone or e-mail.  The TOMA does not impede the freedom of speech; the Act simply requires speech be to be made openly, and in the presence of interested public, as opposed to "behind closed doors."

---

[2] *See also St. Cloud Newspapers, Inc. v. Dist. 742 Cmty. Schs.,* 332 N.W.2d 1, 7 (Minn. 1983); *Cole v. State,* 673 P.2d 345, 350 (Colo. 1983); *People ex rel. Difanis v. Barr,* 397 N.E.2d 895, 899 (Ill.1979).

**Overbreadth**

19.     Defendants argue that, based on *Garcetti*, it is not necessary to consider whether the Act is overbroad or vague.  However, the Court finds even if those issues are reached, the statute is constitutional.

Overbreadth and vagueness are related but distinct concepts.  *J&B Ent., Inc. V. City of Jackson, MS.,* 152 F.3d 362, 366 (5th Cir. 1998).  "[I]n cases involving a facial challenge to the overbreadth and vagueness of a statute, a court should first consider whether the statute is overbroad, and, assuming that it is not, then whether it is unconstitutionally vague." *CISPES v. Federal Bureau of Investigation,* 770 F.2d 468, 472 (5th Cir. 1985) (citing *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494 (1982)).

20.     "In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct." *United States v. Tansley,* 986 F.2d 880, 885 (5th Cir. 1993).

21.     The overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.  *Broadrick v. Oklahoma,* 413 U.S. 601, 615 (1973).  "[W]here there are a substantial number of situations to which a statute may validly be applied, we eschew reliance on the overbreadth doctrine." *United States v. Wallington,* 889 F.2d 573, 576 (5th Cir. 1989).

> "Substantial overbreadth" is a criterion the [Supreme] Court has invoked to avoid striking down a statute on its face simply because of the possibility that it might be applied in an unconstitutional manner.  It is appropriate in cases where, despite some possible impermissible application, the "'remainder of the statute.... covers a whole range of easily identifiable and constitutionally proscribable.... conduct....'"

*Sec'y of State of Maryland v. Joseph H. Munson Co., Inc.*, 467 U.S. 947, 964-65 (1984) (citation omitted).

22.     The Plaintiffs have failed to show that the Texas Open Meetings Act is substantially overbroad. This statute does not restrict or inhibit a substantial amount of activity protected by the First Amendment.

**Vagueness**

23.     The Texas Open Meetings Act is not unconstitutionally vague.   The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness so that an ordinary person may understand what conduct is actually prohibited.   *United States v. Tansley*, 986 F.2d 880, 885 (5th. Cir. 1993) (citing *Kolender v. Lawson,* 461 U.S. 352, 357 (1983). Only a reasonable degree of certainty is required.   *Tansley,* 986 F.2d. at 885 (citing *United States v. Barnett,* 587 F.2d 252, 256 (5th Cir.), *cert. denied,* 441 U.S. 923 (1979).

        For criminal statutes [the Fifth Circuit] employs the two-part void-for-vagueness test for vagueness challenges.   *Ford Motor Co. v. Texas Department of Transportation*, 264 F.3d 493, 507 (5th Cir. 2001) (citation omitted).   Under this standard, a statute is constitutional so long as "it 'defines the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited an in a manner that does not encourage arbitrary and discriminatory enforcement.'"   *Smallwood v. Johnson*, 73 F.3d 1343, 1350-52 (5th Cir. 1996) (citation and brackets omitted.)

24.     While "[w]ords inevitably contain germs of uncertainty and...there may be disputes over the meaning of.... terms," that does not render a statute unconstitutionally vague.   *Broadrick v. Oklahoma*, 413 U.S. 601, 608 (1973).

25.     Thus, the Plaintiffs may succeed on their facial vagueness challenge only if the Act's effect on legitimate expression is "'real and substantial *and* the language of the ordinance is not readily subject to a narrowing construction by the state courts." *J&B Ent.*, 152 F.3d at 368 (citation omitted). "Real and substantial" for a facial vagueness test has the same meaning as for a facial overbreadth challenge. *Id.* (citation omitted).

        In *Wainwright v. Stone,* 414 U.S. 21, 22-23 (1973), the United States Supreme Court held that "[f]or the purpose of determining whether a state statute is too vague and indefinite to constitute valid legislation 'we must take the statute as though it read precisely as the highest court of the State has interpreted it.'" *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

        Texas courts and the Texas Attorney General have construed the TOMA liberally.  The Texas Supreme Court has held that under the TOMA, when a majority of a public decisionmaking body, as here, is considering a pending issue, there can be no "informal" discussion; there is either formal consideration of a matter in compliance with TOMA, or an illegal meeting. *See Acker v. Texas Water Commission*, 790 S.W.2d 299, 300 (Tex. 1990).

26.     That there is room for differences of opinion as to whether particular conduct violates the Act does not render the statute unconstitutionally vague. *See Hill v. Colorado*, 530 U.S. 703, 733 (2000); *Broadrick*, 413 U.S. at 608. "A statute is not unconstitutionally vague merely because [Plaintiffs] can raise uncertainty about its application to the facts of their case." *Fort Motor Co.*, 264 F.3d at 509. It is thus not enough for the Plaintiffs to show, if they could, that the Act is unclear at the outer margins of its potential application.  "A statute is unconstitutionally vague 'only where no standard of conduct is outlined at all; when no core of prohibited activity is defined.'" *Ford Motor Co.*, 264 F.3d at 509 (citation omitted).

27.    The Texas Open Meetings Act "sets forth a core of prohibited conduct with sufficient definiteness to guide those who must interpret it." *See J&B Ent.*, 152 F.3d at 369.  Even if city officials and their legal advisors were having difficulty reading the law, that would not render it unconstitutionally vague.  Under the vagueness doctrine, "[o]nly a reasonable degree of certainty is required." *Tansley*, 986 F.2d at 885.

28.    The Plaintiffs' vagueness challenge can be sustained "only if the enactment is impermissibly vague in all of its applications." *Id.*

> Every statute, whether civil or criminal, raises questions of interpretation.  The fact that a statute fails to define its precise boundaries in every conceivable situation does not invalidate the statute.  This Court will sustain a vagueness challenge *only* if the [Act's] provisions are impermissibly vague in *all* of their applications.

*United States v. Clinical Leasing Serv., Inc.*, 930 F.2d 394, 395 (5th Cir. 1991) (citation omitted).  The Plaintiffs have not shown that the Act is vague in all of its applications.

## CONCLUSION

1.    The Plaintiffs have standing to sue the Defendants in federal court.

2.    Plaintiffs' claims are not barred by Eleventh Amendment immunity.

3.    Because the speech at issue here was uttered entirely in the speaker's capacity as a member of a collective decision-making body, and thus is the kind of communication in which the Plaintiffs are required to engage as part of their official duties, it is not protected by the First Amendment from the restriction imposed by the Texas Open Meetings Act.

4.    The Plaintiffs have failed to show that the Texas Open Meetings Act is substantially overbroad, as the TOMA does not restrict or inhibit a substantial amount of activity protected by the First Amendment.

14

5.      The Plaintiffs have failed to show that the Texas Open Meetings Act is unconstitutionally vague, as the Plaintiffs have not shown that the Act is vague in all of its applications.

Accordingly, based on the foregoing Findings of Fact and Conclusions of Law,

**IT IS HEREBY ORDERED** the Plaintiffs' requests for declaratory judgment and injunction are **DENIED.**

**IT IS HEREBY ORDERED** that a take nothing judgment is entered on behalf of Defendants as to all claims filed against them.

**IT IS FURTHER ORDERED** that all relief not specifically granted herein is expressly denied.

**IT IS FURTHER ORDERED** that all pending motions are denied as moot.

**IT IS FURTHER ORDERED** that Defendants shall recover their costs of court from the Plaintiffs.

**IT IS FINALLY ORDERED** that this is a final judgment that disposes of all claims.

**SIGNED** on this ____ day of **NOVEMBER, 2006**.

ROBERT JUNELL
United States District Judge
Western District of Texas